Alexander M. DAISLEY, Appellant

v.

RIGGS BANK, N.A. and Robert
C. Roane, Appellees.

No. 07–5300.

United States Court of Appeals,
District of Columbia Circuit.

April 30, 2008.

James M. Ludwig, Bode & Grenier,
Martin Francis McMahon, Martin F.
McMahon & Associates, Washington, DC,
for Appellant.

Tina Marie Maiolo, Carr Maloney PC,
Washington, DC, for Appellees.

R. Craig Lawrence, Assistant U.S. At-
torney, U.S. Attorney's Office, Washing-
ton, DC, for Robert C. Roane.

Before: RANDOLPH, TATEL, and
GARLAND, Circuit Judges.

### JUDGMENT

This appeal was considered on the rec-
ord from the United States District Court
for the District of Columbia and on the
briefs filed by the parties. *See* FED. R.APP.
P. 34(a)(2); D.C.CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the
judgment of the district court be affirmed.

Alexander Daisley contends that Riggs
Bank, his former employer, breached his
employment agreement when it failed to
honor certain provisions of his compensa-
tion package. Although Daisley alleges
that those provisions were contained in an
initial oral agreement, they are unenforce-
able because he subsequently signed a ful-
ly integrated written employment agree-
ment that did not contain those provisions.
Daisley nonetheless maintains that he is
entitled to enforcement of those provisions
because, a year after the date of the writ-
ten agreement, his new supervisor orally
ratified the terms of the initial oral agree-
ment. Daisley contends that the ratifica-
tion of the initial oral agreement effected a
modification of the written agreement to
incorporate all of the compensation terms
contained in the former. He also alleges
that thereafter his supervisor fraudulently
induced him to forgo those terms by ac-
cepting a disqualifying promotion.

The district court granted Riggs' motion
for summary judgment on both the breach
of contract and fraud claims. *Daisley v.
PNC Bank, N.A.,* 2007 WL 2071682
(D.D.C.2007). With regard to the former,
the court concluded that Daisley offered no
evidence that Riggs had ratified the initial
oral agreement or modified the written
agreement. *Id.* at *5. And because the
success of Daisley's fraud claim depended
upon there having been a ratification or
modification, the court concluded that the
lack of evidence of ratification or modifica-
tion was also determinative of that claim.
*Id.* at *6. We agree that Daisley did not
raise a genuine issue of material fact re-
garding ratification or modification and
therefore affirm the judgment of the dis-
trict court.

Pursuant to D.C. Circuit Rule 36(b), this
decision will not be published. The Clerk
is directed to withhold the issuance of the
mandate herein until seven days after the
disposition of any timely petition for re-
hearing or rehearing en banc. *See* FED.
R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).